UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY MURPHY, individually and as Special Administrator of the Estate of Jessica Strader, deceased,<br>　　　　　　　　　　　Plaintiff<br><br>SCHNEIDER NATIONAL CARRIERS, INC. and KEVIN CLAY JONES,<br>　　　　　　　　　　　Defendants | Case No. 04-1280 |

### ORDER

Now before the court is the Defendants' Motion for Partial Summary Judgment (Doc. #52). The Motion is fully briefed and I have carefully considered the arguments and the support for those arguments. For the following reasons, the motion is denied.

### SUMMARY JUDGMENT GENERALLY

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

In ruling on a summary judgment motion, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994). The court has one

task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.

## UNDISPUTED FACTS

The following facts are taken from the parties' Statements of Undisputed Facts and the responses and replies thereto. This case arises out of an automobile/truck accident that occurred on July 9, 2004. Jessica Strader was driving the car, with a passenger in the front seat and two passengers in the back seat. The passengers survived the accident; Jessica did not.

Immediately following the accident, several bystanders were on the scene: Ronald Taylor, Marissa Miller and Adam Kenny. Taylor was the driver of a car directly behind Defendant Jones' truck. When he arrived at Jessica's vehicle, he saw that she was pinned against the steering wheel. He testified that he heard her gasping for breath and that he heard moaning. Neither Miller nor Kenny observed Strader breathing or making any movements.

Emergency personnel were at the scene within 2 minutes. Officer Vincent Moore of the Henry Police Department observed that the driver was not moving. He found no signs of breathing, pulse or any involuntary or voluntary movement. EMT Judy Boswell, using a stethoscope as well as her fingers, assessed that the driver was breathless and pulseless.

The autopsy showed that one of Jessica's lungs was ripped open and that her heart had been lacerated in four places. The forensic pathologist who conducted the autopsy testified that Jessica could not have maintained life with those injuries, and that her death would have occurred within a few heartbeats.

**THE SUMMARY JUDGMENT MOTION**

Counts I (against Schneider National Carriers, Inc.) and III (against Kevin Clay Jones) assert actions for survival under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq*, based on the allegation that Jessica Strader "sustained severe and permanent injuries resulting in conscious pain and suffering." The pending motion for summary judgment attacks the two survival counts, arguing that there is no evidence at all that Jessica Strader "experienced any conscious pain and suffering during the time frame between the initial impact and the time of her death."

Plaintiff relies on the testimony of Ronald Taylor to argue that even a brief period of pain and suffering can justify an award of damages for pain and suffering. While the jury must consider the duration of any pain or suffering in assessing a dollar value for the damages, the fact that the decedent suffered for only a short period of time does not bar the claim.

**DISCUSSION**

A survival action allows for the recovery of damages for injuries, including pain and suffering, sustained by the deceased up to the time of death. Wyness v. Armstrong World Industries, Inc., 137 Ill.Dec. 623 (Ill.1989). As a general rule, Illinois law allows the jury to consider evidence regarding a decedent's injuries when determining whether the decedent experienced conscious pain. See, Cooper v. Chicago Transit Authority, 505 N.E.2d 1239 (Ill.App.1987). Medical testimony is not required in order to establish conscious pain and suffering where lay testimony describing a decedent's actions prior to death coupled with evidence concerning his injuries is sufficient to support a recovery. Moore v. Swoboda, 571 N.E.2d 1056 (Ill.App.1991); Ellig v. Delnor Community Hosp., 603 N.E.2d 1203, 1207 (Ill.App. 1992).

The evidence must indicate not only that the decedent was conscious prior to death but also that she was conscious of pain and suffering prior to death. Id. See also, Hall v. National Freight, Inc., 636 N.E.2d 791, 802-802 (Ill.App.1994); Glover v. City of Chicago, 436 N.E.2d 623 (Ill.App.1982); Murphy v. Martin Oil Co., 308 N.E.2d 583 (Ill.1974); Ellig, 603 N.E.2d at 1207. The evidence must do more than provide mere speculation that the decedent was conscious and suffered pain. Bart v. Union Oil Co., 540 N.E.2d 770 (Ill.App.1989).

That a decedent suffered for only a short period of time does not bar a claim for pain and suffering; it merely affects the amount of damages that can be awarded. Glover, 436 N.E.2d at 628.

The only evidence to support Plaintiff's claim that Jessica was conscious and suffering before her death is Taylor's lay testimony that he heard her "gasping" for breath. Taylor's testimony is both relevant and admissible. While this evidence is extremely slim, it is evidence nonetheless, and the presence of this evidence creates a factual issue for jury determination. Resolution of this factual issue on summary judgment would be premature.

## CONCLUSION

For the reasons stated herein, the motion for partial summary judgment [#52] is denied. This issue may, of course, be re-raised as may be appropriate at the conclusion of Plaintiff's presentation of evidence at trial and/or at the conclusion of the case as a whole.

ENTERED this 12th day of September 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE